# In the United States Court of Federal Claims

Case Number 08-742 C
FOR PUBLICATION
Filed: April 12, 2011

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **MICHAEL T. URBAN,** | * | |
| | * | |
| *Plaintiff*, | * | Military pay; Cross-Motions for |
| | * | Judgment on the Administrative |
| | * | Record; RCFC 56.1; Arbitrary and |
| | * | Capricious Standard of Review; |
| | * | Temporary Disability Retirement |
| **THE UNITED STATES**, | * | List, Correction of Military Record |
| | * | |
| *Defendant*. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Thomas J. Reed*, Widener University School of Law Veterans Law Clinic, for Plaintiff.

*Scott A. MacGriff*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson,* Director, *Bryant G. Snee*, Assistant Director, for Defendant.

*Maj. Jennifer B. Bottoms*, Of Counsel, United States Army Litigation Division, Military Personnel Branch, Arlington, VA, for Defendant.

---

**OPINION and ORDER**

---

**Smith**, Senior Judge:

Before the Court are the parties' Cross-Motions for Judgment on the Administrative Record. After full briefing and oral argument held in Wilmington, DE, and for the reasons set forth below, the Court hereby **GRANTS** Defendant's Motion for Judgment on the Administrative Record and **DENIES** Plaintiff's Cross-Motion for Judgment on the Administrative Record.

## I. FACTS[1]

### a. Army Physical Evaluation Board's Determinations

Plaintiff, Michael T. Urban, is a former United States soldier who enlisted in the Army on February 24, 1999 as a Fire Support Specialist. While serving on active duty, Mr. Urban suffered two separate episodes of chest pain and shortness of breath. In July 2002, Mr. Urban underwent a series of Pulmonary Function Tests ("PFT"). The PFTs revealed a diagnosis of mild persistent asthma and spontaneous pneumothoraces, commonly referred to as collapsed lungs. Pursuant to the diagnosis, Mr. Urban was referred to the Army Physical Evaluation Board ("PEB"), which found that Mr. Urban's recently diagnosed medical condition would prevent him from satisfactorily performing his military duties. However, because Mr. Urban's condition had not yet stabilized, the PEB recommended that Mr. Urban be placed on the Temporary Disability Retired List ("TDRL").[2] Pursuant to Army Regulation 635-40, ¶ 7-4, the PEB ordered that Mr. Urban be reexamined in eighteen months to reassess his condition. In October 2002, Mr. Urban was honorably discharged and placed on the TDRL with a 30% disability rating.

Mr. Urban received his scheduled TDRL medical reevaluation in May 2004, which required a new pulmonary function test. The new PFT found marked improvement in Mr. Urban's lung functions, and the evaluating physician diagnosed him with mild intermittent asthma and recurrent right-sided pneumothoraces. Shortly thereafter, the Army Physical Evaluation Board reviewed the reevaluation report and determined that Mr. Urban's condition had stabilized—a prerequisite to be removed from the TDRL. Therefore, the PEB recommended that Mr. Urban be removed from the TDRL and then separated from the Army with severance pay and a disability rating of 10%. Mr. Urban disagreed with these findings and he requested a formal hearing with the assistance of appointed counsel. However, Mr. Urban failed to attend his scheduled hearing. Subsequently, on October 1, 2004, the Army approved the PEB's findings and recommendations.

### b. Department of Veterans Affairs' Evaluations

Prior to his separation from the Army, Mr. Urban applied for Department of Veteran Affairs ("DVA") disability benefits. On March 23, 2004, the DVA conducted an independent evaluation of Mr. Urban that consisted of pulmonary function tests. The results of the PFT lead the DVA to find that Mr. Urban had a noncompensable disability rating of 0%.

---

[1] Unless otherwise cited, the facts contained herein are principally drawn from the "Defendant's Statement of Facts," dated March 29, 2010. In "Plaintiff's Counter Statement of Facts," Plaintiff agrees with the Government's characterization of the facts in the matter, except for paragraph 15 of the Defendant's Statement.

[2] *See* Army Reg. 635-40, ¶ 7-2(a) ("A soldier's name may be placed on the TDRL when it is determined that the soldier is qualified for disability retirement under 10 U.S.C. § 1201 but for the fact that his or her disability is determined not to be of a permanent nature and stable.").

The DVA reevaluated Mr. Urban in December 2004 and September 2006, both times finding his disability rating to be at 0%. Nearly three years after Mr. Urban had been separated from the Army, in August 2007, the DVA increased Mr. Urban's disability rating from 0% percent to 10%. After another scheduled reevaluation in July 2009, the DVA further increased Mr. Urban's disability rating to 60%, which was applied retroactively to 2007, and the previous 10% rating was made retroactive to 2006.

### c. Army Board for Correction of Military Records (ABCMR)

On September 28, 2008, Mr. Urban applied to the ABCMR, requesting that the Army restore him to the Temporary Disability Retirement List and transfer him to the Permanent Disability Retirement List ("PDRL"). In his request, Mr. Urban claimed that the Army failed to give him a physical examination before removing him from the TDRL and then separating him from the Army with severance pay. After reviewing Mr. Urban's application, the ABCMR unanimously denied the request. Specifically, the ABCMR found that Mr. Urban received a physical evaluation, and that he was aware of the evaluation report.[3] The ABCMR concluded the Mr. Urban's request lacked merit, and the evidence failed to demonstrate probable error or injustice in Mr. Urban's discharge or disability rating.

On August 18, 2009, Mr. Urban applied to the ABCMR for reconsideration of its previous denial order. In this new request, Mr. Urban claimed that he had in fact received a physical examination prior to removal from the TDRL, however that physical examination was inadequate. As proof of this, Mr. Urban submitted the DVA Rating Decision of July 2009, which awarded him 60% disability, as "new and material evidence" of the May 2004 exam's inadequacy. Mr. Urban presented no other evidence that his removal from the TDRL was unlawful or that his disability rating was improper. The ABCMR denied the motion for reconsideration, finding that the May 2004 examination of Mr. Urban was conducted by a pulmonologist and that the exam was a "timely and comprehensive" TDRL evaluation. Moreover, the AMBCR concluded that Mr. Urban had reviewed and concurred with these findings in 2004 and, therefore, the PEB had properly applied the Veterans Administration Schedule for Rating Disabilities ("VASDR") in its findings.

## II. DISCUSSION

### a. Standard of Review

In reviewing a motion for judgment on the administrative record, "the Court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." *A&D Fire Prot. Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006) (citing *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005)). "When a former service member seeks review of a decision of a Board for Correction of Military Records denying the relief sought, the applicable standard of judicial review is whether the Board's action

---

[3] Mr. Urban had initially requested a formal hearing to rebut this evaluation report's findings and recommendations, but he did not attend his hearing on September 24, 2004.

was arbitrary, capricious, in bad faith, unsupported by substantial evidence or contrary to law, regulation or published procedure." *Wyatt v. United States*, 23 Cl. Ct. 314, 318–19 (1991). Therefore, unless the ABCMR's action is found violative of these standards, the Court will not disturb its decision. S*ee Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005) (citing *Haselrig v. United States*, 333 F.3d 1354, 1355 (Fed. Cir. 2003)).

### b.  The ABCMR's Decision Was Not Arbitrary and Capricious

In his Complaint, Mr. Urban argues that the ABCMR's decision to deny his request for correction of his military records was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. Specifically, Mr. Urban contends that the ABCMR erroneously refused to accept the DVA's disability rating assessments of 10% in 2007 and 60% in 2009 as evidence that the PEB gave him an inadequate physical exam in May 2004. Mr. Urban concludes that the true nature of his disability is reflected by the DVA's 2009 assessment, and the ABCMR arbitrarily and capriciously failed to change the character of his discharge based upon this evidence.

After a thorough examination of the Administrative Record, paying particular attention to Mr. Urban's arguments, the Court cannot conclude that the ABCMR's decision was arbitrary, capricious or contrary to law. To the contrary, the Administrative Record demonstrates that the ABCMR closely followed the applicable regulations when considering Mr. Urban's application with supporting documentation. The only "new and material" evidence of the PEB's allegedly inadequate physical evaluation that Mr. Urban submitted was the DVA's 2007 and 2009 disability ratings of 10% and 60%, respectively. The ABCMR properly considered the DVA's 2007 and 2009 ratings, but it found these ratings did not call into question the adequacy of the PEB's 2004 evaluation. The Court notes that while both Army and the DVA use the same schedule to determine disability rates, they apply different standards to make their determinations. *See, e.g.*, *Haskins v. United States*, 51 Fed. Cl. 818, 826 (2002) ("The Army uses the VASRD to determine fitness for performing the duties of office, grade, and rank, whereas the VA uses the VASRD to determine disability ratings based on an evaluation of the individual's capacity to function and perform tasks in the civilian world."). Thus, the ABCMR was reasonable to rely upon the differences between the Army's disability standards at the time of separation, governed by 10 U.S.C. §§ 1201–1222, and the DVA's disability ratings after separation, governed by 38 U.S.C. §§ 310–331.

Furthermore, in addressing the difference between the original 2004 Army determination of 10% disability and the DVA's 2009 determination of 60% disability, the ABCMR stated:

> The VASRD rating for the applicant's condition and/or history is based on PFTs. PFTs can underestimate a person's capacity but they cannot overestimate it. They are dependent on the cooperation and effort of the patient. The applicant's gradual worsening of his lung capacity (asthma) is based on decreased performance of PFTs, for whatever reason. The change in DVA rating does not represent a previous injustice.

(AR 110–11.)

Thus the 2007 and retroactive 2009 ratings do not logically reflect on the 2004 rating. It is clear to the Court that the ABCMR fully addressed the differences in disability percentages. It

is also clear that the ABCMR reviewed the new findings by the DVA but that did not change the result of the PEB examination results.  If the Court were to hold otherwise, the Court would then need to rely on the DVA's disability assessments from 2004 and 2006.  During those examinations, the DVA found a 0% disability rating   If the ABCMR were to accept the DVA's 2009 rating of 60% as accurate evidence of Plaintiff's disability, then the ABCMR must also accept the DVA's disability assessments of 0% in 2004 and 2006.  In other words, if the ABCMR accepted the DVA's assessments as wholly accurate, the DVA's findings would support, not detract from, the PEB's findings and recommendations in 2004.  By relying upon the DVA's ratings as evidence, the Plaintiff fails to overcome the "strong, but rebuttable presumption" that the ABCMR has to discharged its duties "correctly, lawfully and in good faith."  *Bernard v. United States*, 59 Fed. Cl. 497, 500 (2004).

Finally, although Mr. Urban also argues that the PEB's recommendation to remove him from the TDRL was likewise arbitrary and capricious, that question is beyond the scope of this Court's jurisdiction.  This Court's decision is limited to the ABCMR's decisions.  Here, the Court holds that the ABCMR's decision was not arbitrary, capricious, nor unsupported by substantial evidence, nor contrary to the applicable statutes and regulations.

### III. CONCLUSION

For the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion for Judgment on the Administrative Record and **DENIES** Plaintiff's Cross-Motion.  The Clerk is directed to enter judgment accordingly.

**It is so ORDERED.**

  s/ Loren A. Smith
LOREN A. SMITH,
Senior Judge